```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

GREGORY G. POGAN,                     )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      Civil No. 2015-14
                                      )
M/V VENTURE PRIDE, VARLACK            )
VENTURES, INC.,                       )
                                      )
            Defendants.               )
                                      )
                                      )
```

**APPEARANCES:**

**Ryan C. Meade**
Quintairos, Prieto, Wood, & Boyer, P.A.
Miami, FL
    *For Gregory G. Pogan.*

<u>**ORDER**</u>

**GÓMEZ, J.**

Before the Court is the motion of Gregory G. Pogan for default judgment against Varlack Ventures, Inc.

### I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

Gregory G. Pogan ("Pogan") owns the M/V Good Grief (the "Good Grief"), a 25 foot Mako power boat. Varlack Ventures, Inc. ("Varlack") owns the M/V Venture Pride (the "Venture Pride"), a 30 meter, 86-ton passenger ship.

Around 7:00 P.M. on May 6, 2012, Pogan moored the Good Grief in Cruz Bay on St. John, United States Virgin Islands.

Before departing the Good Grief, Pogan pumped it dry and inspected it, confirming that there were no leaks or other issues.

Around 12:00 A.M. that night, the Venture Pride attempted to dock in Cruz Bay. While maneuvering, the Venture Pride struck the Good Grief. After the allision, the Good Grief capsized.

The Good Grief was later taken to shallow water and righted. The Good Grief sustained structural damage. The Good Grief's electrical system and both outboard engines were also damaged.

On March 3, 2015, Pogan commenced an *in rem* action against the Venture Pride. On April 9, 2015, Pogan filed an amended complaint that named Varlack as a defendant. Pogan alleged that the Venture Pride was operated negligently when it struck the Good Grief. Pogan sought a judgment *in rem* against the Venture Pride and a maritime lien on the Venture Pride.

On June 3, 2015, the Clerk of Court issued a summons for Varlack. On June 29, 2015, Pogan filed proof of service. The affidavit of service indicated that Varlack was served on June 4, 2015, by delivering a copy of the summons and complaint to Delrise Varlack, one of Varlack's officers.

Varlack has not answered the Complaint or otherwise appeared in this action. On June 29, 2015, Pogan moved for an

Case: 3:15-cv-00014-CVG-RM   Document #: 19   Filed: 03/28/17   Page 3 of 9

Pogan v. M/V Venture Pride, et al.
Civ. No. 2015-14
Order
Page 3

entry of default against Varlack. On July 14, 2015, the Clerk of Court entered default against Varlack.

On March 3, 2016, Pogan moved for default judgment against Varlack. In the motion for default judgment, Pogan asserts that he is entitled to $52,833.38 in damages. In support of that assertion, Pogan filed an affidavit from Mathias Wiebracht ("Wiebracht"). Wiebracht "provide[s] vessel marketing, sales, and purchasing expertise and assistance in the Caribbean and New Jersey as well as expert witness testimony." ECF No. 16, Exh. 1 at 1. Weiebracht estimated that "the fair and reasonable replacement value of [the Good Grief] at the termination of its voyage on May 6, 2012[,] was $52,833.38 ($25,000.00 for the hull and $27,833,38 for the engines)." *Id.* at 2.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). In considering a motion for default judgment, the factual allegations in the complaint are treated as conceded by the defendant, except those relating to the amount of damages. *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 (3d Cir.2005); *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990). Default

judgment is only appropriate where a plaintiff's well-pleaded facts, taken as true, demonstrate that the plaintiff is entitled to relief. *See, e.g., City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n. 23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default Judgment unless the plaintiff's complaint states a valid facial claim for relief."). "But while a defaulted defendant is deemed to 'admit the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975))

Even where a plaintiff is entitled to default judgment, the plaintiff is still "required to prove the amount of damages that should be awarded." *Oberstar v. F.D.I.C.,* 987 F.2d 494, 505 (8th Cir.1993). Instead of relying on the allegations in the complaint, the Court must conduct an inquiry to ascertain the amount of damages. *See* Fed. R. Civ. P. 55(b) ("The court may conduct hearings ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages ...."); *see also United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir.1989)

Case: 3:15-cv-00014-CVG-RM Document #: 19 Filed: 03/28/17 Page 5 of 9

Pogan v. M/V Venture Pride, et al.
Civ. No. 2015-14
Order
Page 5

(explaining that a default judgment may be entered without an evidentiary hearing on damages so long as the amount of damages is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits"); *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1544 (11th Cir.1985) ("Damages may be awarded [in a default judgment] only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (internal quotation omitted)).

A motion for entry of default judgment must also contain evidence of the following: (1) that all pleadings were validly served upon the defendant; (2) that the defendant has not appeared; (3) that default was entered; (4) that the defendant is not an infant or incompetent; (5) an affidavit of non-military service; and (6) the amount of judgment and how it was calculated. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's

Case: 3:15-cv-00014-CVG-RM Document #: 19 Filed: 03/28/17 Page 6 of 9

Pogan v. M/V Venture Pride, et al.
Civ. No. 2015-14
Order
Page 6

delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III. ANALYSIS

A district court has limited discretion in fashioning an award for damages in a default judgment. Federal Rule of Civil Procedure 54 ("Rule 54") provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Third Circuit has not interpreted what it means for a judgment to "differ in kind from, or exceed in amount, what is demanded in the pleadings." Indeed, this provision is open to multiple interpretations. *See, e.g.*, *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132–33 (4th Cir. 2000) (explaining that "Fed. R. Civ. P. 54(c) and its many state analogues have led to a dizzying array of judicial decisions addressing the precise meaning of the requirement that a default judgment may not 'exceed in amount that prayed for in the demand for judgment.'"). This is especially so where a complaint does not demand a specific amount of damages. *See Appleton Elec. Co. v. Graves Truck Line*, Inc. 635 F.2d 603, 610 (7th Cir. 1980) (declining to reach "the interesting question" of whether "an unstated amount [can] be exceeded").

The purpose of Rule 54(c)'s limitation on default judgments "is that a defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action." *Silge v. Merz*, 510 F.3d 157, 159-62 (2d Cir. 2007) (quoting 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure,* § 2663 (1998)). For this reason, even the most liberal interpretation of Rule 54(c) requires at least "[g]eneral allegations of damages in a prayer for relief." *Anunciation v. W. Capital Fin. Servs.*, 97 F.3d 1458 (9th Cir. 1996) (unpublished opinion); *see also Silge*, 510 F.3d at 159 ("Whatever its import in other contexts, this formulaic language cannot substitute for the meaningful notice called for by Rule 54(c), which anticipates that defendants will look to the demand clause to understand their exposure in the event of default."). Consistent with the purpose of Rule 54(c), several courts have looked past a deficient demand for relief where the defendant was served a copy of the motion for default judgment. *See Appleton Elec. Co.*, 635 F.2d at 611.

Pogan's prayer for relief asks the Court to

  a. immediately issue a warrant for the arrest of the M/V VENTURE PRIDE;
  b. notify all persons claiming any interest in the M/V VENTURE PRIDE and order them to appear and answer the matters aforesaid;

Case: 3:15-cv-00014-CVG-RM   Document #: 19   Filed: 03/28/17   Page 8 of 9

Pogan v. M/V Venture Pride, et al.
Civ. No. 2015-14
Order
Page 8

      c. enter judgment *in rem* against the M/V VENTURE PRIDE in favor of POGAN for the full value of the M/V VENTURE PRIDE;

      d. award to plaintiff court costs, and other costs reasonably incurred in this action (including but not limited to fees for substitute custodian, dockage, and insurance required by the U.S. Marshal Service);

      e. enter judgment declaring that plaintiff has a valid and existing maritime lien on the M/V VENTURE PRIDE for the full value of the M/V VENTURE PRIDE , which is senior to any other liens or claims whatsoever, except any preferred maritime liens which may be asserted against the M/V VENTURE PRIDE and so proved in this action, and granting plaintiff a judgment *in rem* against the M/V VENTURE PRIDE; together with other costs reasonably incurred in this action (including but not limited to fees for substitute custodian, dockage, and insurance required by the U.S. Marshal Service);

      f. order that the M/V VENTURE PRIDE be sold by the U.S. Marshal to pay and satisfy said judgment in full, subject to valid and existing preferred liens; and

      g. award such other and further relief as the court deems just and proper.

ECF No. 5 at 4.

The complaint does not specify the amount of the damages sought. Further, the type of relief Pogan sought in his complaint--a judgment *in rem* against the Venture Pride--differs from the type of relief he seeks through default judgment--money damages from Varlack. This is insufficient to provide Varlack with notice of the amount at stake in this litigation. Further, Varlack was never served with Pirate Bay's motion for default

judgment.[1] Accordingly, even if Varlack was liable for damages, any such damages could not be proven on the current record.[2]

The premises considered, it is hereby

**ORDERED** that the motion for default judgment is **DENIED** without prejudice.

    S\_____
        **Curtis V. Gómez**
        **District Judge**

---

[1] Though Varlack was not entitled to service of the motion for default judgment, *see* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear), service could have arguably cured the deficiency in Pirate Bay's demand for relief, *see Appleton Elec. Co.*, 635 F.2d at 611.

[2] This is not to say that such damages could not be proven. Indeed, Federal Rule of Civil Procedure 55 prescribes a manner by which damages against a defaulting party can be properly ascertained. *See* Fed. R. Civ. P. 55 ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . .").